1

2

3

4

5

6

7

8                                        IN THE UNITED STATES DISTRICT COURT

9                                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   PATRICK OTIS NELSON,

11                    Petitioner,                          No. CIV S-09-2075 GEB DAD P

12           vs.

13   JOHN W. HAVILAND, Warden,                             FINDINGS AND RECOMMENDATIONS

14                    Respondent.

15   _____/

16                    Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of

17   habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges a prison disciplinary

18   conviction that resulted from a rules violation report issued against him for failure to report for

19   work on January 8, 2008, while he was imprisoned at the California State Prison, Solano.

20   Petitioner seeks relief on due process grounds, claiming that (1) his disciplinary hearing was not

21   in compliance with the California Code of Regulations, (2) he was not allowed to call a witness

22   to testify on his behalf, (3) the evidence against him was falsified and forged, (4) there was

23   insufficient evidence to convict him of refusing to report to work; and (5) the hearing officer

24   destroyed evidence.  Upon careful consideration of the record and the applicable law, the

25   undersigned will recommend that petitioner's application for habeas corpus relief be denied.

26   /////

1

BACKGROUND[1]

On January 18, 2008, petitioner was issued a Rules Violation Report, alleging that he violated California Code of Regulations, Title 15, § 3041(b) by refusing to report to work on January 8, 2008. (Doc. No. 1-"Pet." at 60.)[2]  Petitioner appeared before a Senior Hearing Officer ("SHO") on January 30, 2008 and pled not guilty to the alleged rules violation. (Id. at 60-61.)  At the conclusion of the hearing the SHO found petitioner guilty of the disciplinary charge and assessed him, in part, a loss of thirty days of work-time credits. (Id. at 62.)

On January 16, 2009, petitioner filed a petition for writ of habeas corpus in the Solano County Superior Court. (Doc. No. 16-"Answer," Ex. 1.)  On March 12, 2009, that court denied that petition in a brief but reasoned opinion. (Answer, Ex. 2.)  On April 1, 2009, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal for the First Appellate District. (Answer, Ex. 3.)  That petition was summarily denied on April 7, 2009. (Answer, Ex. 4.)  On April 29, 2009, petitioner filed a petition for writ of habeas corpus in the California Supreme Court. (Answer, Ex. 5.)  That petition was summarily denied on June 17, 2009. (Answer, Ex. 6.)

On July 28, 2009, petitioner filed the federal habeas petition now before this court. (Doc. No. 1- "Pet.")  Respondent filed an answer on February 22, 2010. (Doc. No. 16-"Answer.")  Petitioner then filed a traverse on March 23, 2010. (Doc. No. 17-"Traverse.")

ANALYSIS

I. Standards of Review Applicable to Habeas Corpus Claims

A writ of habeas corpus is available under 28 U.S.C. § 2254 only on the basis of some transgression of federal law binding on the state courts. See Peltier v. Wright, 15 F.3d 860,

---

[1]  A factual summary with respect to the disciplinary proceedings has not been provided to this court by either party.

[2]  Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

861 (9th Cir. 1993); <u>Middleton v. Cupp</u>, 768 F.2d 1083, 1085 (9th Cir. 1985) (citing <u>Engle v. Isaac</u>, 456 U.S. 107, 119 (1982)).  A federal writ is not available for alleged error in the interpretation or application of state law.  <u>See</u> <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991); <u>Park v. California</u>, 202 F.3d 1146, 1149 (9th Cir. 2000); <u>Middleton</u>, 768 F.2d at 1085.  Habeas corpus cannot be utilized to try state issues <u>de novo</u>.  <u>Milton v. Wainwright</u>, 407 U.S. 371, 377 (1972).

This action is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  <u>See</u> <u>Lindh v. Murphy</u>, 521 U.S. 320, 336 (1997); <u>Clark v. Murphy</u>, 331 F.3d 1062, 1067 (9th Cir. 2003).  Section 2254(d) sets forth the following standards for granting habeas corpus relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

<u>See also</u> <u>Penry v. Johnson</u>, 532 U.S. 782, 792-93 (2001); <u>Williams v. Taylor</u>, 529 U.S. 362 (2000); <u>Lockhart v. Terhune</u>, 250 F.3d 1223, 1229 (9th Cir. 2001).  If the state court's decision does not meet the criteria set forth in § 2254(d), a reviewing court must conduct a de novo review of a habeas petitioner's claims.  <u>Delgadillo v. Woodford</u>, 527 F.3d 919, 925 (9th Cir. 2008).  <u>See also</u> <u>Frantz v. Hazey</u>, 513 F.3d 1002, 1013 (9th Cir. 2008) (en banc) ("[I]t is now clear both that we may not grant habeas relief simply because of § 2254(d)(1) error and that, if there is such error, we must decide the habeas petition by considering de novo the constitutional issues raised.").

/////

3

1    The court looks to the last reasoned state court decision as the basis for the state

2 court judgment.  Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004).  "Where there has

3 been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding

4 that judgment or rejecting the same claim rest upon the same ground."  Ylst v. Nunnemaker, 501

5 U.S. 797, 803 (1991).  See also Shackleford v. Hubbard, 234 F.3d 1072, 1079 n. 2 (9th Cir.

6 2000) (when reviewing a state court's summary denial of a claim, the court "looks through" the

7 summary disposition to the last reasoned decision.)

8    Where the state court reaches a decision on the merits but provides no reasoning

9 to support its conclusion, a federal habeas court independently reviews the record to determine

10 whether habeas corpus relief is available under section 2254(d).  Himes v. Thompson, 336 F.3d

11 848, 853 (9th Cir. 2003); Pirtle v. Morgan, 313 F.3d 1160, 1167 (9th Cir. 2002).  When it is clear

12 that a state court has not reached the merits of a petitioner's claim, or has denied the claim on

13 procedural grounds, the AEDPA's deferential standard does not apply and a federal habeas court

14 must review the claim de novo.  Nulph v. Cook, 333 F.3d 1052, 1056 (9th Cir. 2003).

15 II.  Petitioner's Claims

16    A.  Failure to Comply With California Code of Regulations

17    Petitioner asserts that the hearing before the SHO was "time barred for late

18 delivery of the final copy of the 115 under Title 15 § 3320."[3]  (Pet. at 16.)  In this regard,

19 petitioner argues that as a result of this late delivery of the rules violation report to him "all

20 disciplinary action[] was illegal."  (Id.)  Petitioner also contends that the conduct alleged in the

21 report did not constitute a serious rules violation under the California Code of Regulations

22 ("CCR"), Title 15, § 3041.  (Id.)

23 /////

24

_____

25    [3]  A California Department of Corrections Form 115 "Rules Violation Report" documents
misconduct "believed to be a violation of law or [that] is minor in nature."  (Cal. Code Regs.,
26 tit. 15, § 3312(a)(3)).

4

1    The Solano County Superior Court rejected this claim, finding that petitioner "was

2    provided his CDC 115 form within 11 days of the misconduct, well within the requirements of

3    11 CCR § 3320(a.)"  (Answer, Ex. 2 at 3.)

4    It is well established that while inmates subjected to disciplinary action are

5    entitled to certain procedural protections under the Due Process Clause, they are not entitled to

6    the full panoply of rights afforded to criminal defendants.  Wolff v. McDonnell, 418 U.S. 539,

7    556 (1974); see also Superintendent v. Hill, 472 U.S. 445, 455-56 (1985); United States v. Segal,

8    549 F.2d 1293, 1296-99 (9th Cir. 1977) (observing that prison disciplinary proceedings

9    command the least amount of due process along the prosecution continuum).  A prison inmate is

10   entitled to advance written notice of the charge against him as well as a written statement of the

11   evidence relied upon by prison officials and the reasons for any disciplinary action taken.  See

12   Wolff, 418 U.S. at 563; see also Serrano v. Francis, 345 F.3d 1071, 1077-78 (9th Cir. 2003).

13   Here, petitioner asserts that the hearing was barred by the late delivery to him of a

14   final copy of Form 115 rules violation report.  That is the entirety of petitioner's claim and he has

15   not provided a specific factual statement in support thereof.  Petitioner's claim in this regard is

16   vague and conclusory and relief could be denied on that basis alone.  See Jones v. Gomez, 66

17   F.3d 199, 204 (9th Cir. 1995) ("[c]onclusory allegations which are not supported by a statement

18   of specific facts do not warrant habeas relief") (quoting James v. Borg, 24 F.3d 20, 26 (9th Cir.

19   1994)).[4]

20   Moreover, according to the Rules Violation Report itself, that report was "issued

21   to" petitioner on January 18, 2008, twelve days prior to his disciplinary hearing.  (Pet. at 61.)

22   Such advanced written notice complies with the procedural protections afforded petitioner under

23   /////

24

25   [4] Indeed, nearly all of petitioner's claims set forth in his federal habeas petition could
     arguably be characterized as vague and conclusory, with habeas relief being denied on that basis
26   alone.

1  the Due Process Clause.[5]  See Wolf, 418 U.S. at 564. ("At least a brief period of time after the

2  notice, no less than 24 hours, should be allowed the inmate to prepare for the appearance before

3  the Adjustment Committee.")

4         With respect to petitioner's argument that the conduct alleged in the disciplinary

5  charge against him did not constitute a serious rules violation under CCR, title 15, § 3041, the

6  Solano County Superior Court rejected this claim as well.  That court concluded that the "CDC

7  should (sic) classify refusal to go to work as a serious violation according to its regulations (15

8  CCR §3315(a)(2)(J) (sic))."  (Answer, Ex. 2 at 3.)  The undersigned notes that CCR, title 15, §

9  3315(3)(J) provides that "Serious rule violations include but are not limited to: Refusal to

10 perform work or participate in a program as ordered or assigned."  Thus, despite the Solano

11 County Superior Court's confusing use of the word "should" and inaccurate citation to authority,

12 in its decision, it is clear that petitioner's claim was rejected based upon the governing state

13 administrative regulations.

14         Petitioner's claim in this regard involves an issue of state law and issues of state

15 law are not cognizable on federal habeas.  See Estelle v. McGuire, 502 U.S. 62, 67 (1991) ("We

16 have stated many times that 'federal habeas corpus relief does not lie for errors of state law.'")

17 (quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990)); see also Gilmore v. Taylor, 508 U.S. 333,

18 348-49 (1993) ("[A] mere error of state law, one that does not rise to the level of a constitutional

19 violation, may not be corrected on federal habeas."); Gauthier v. Dexter, 573 F. Supp.2d 1282,

20 1287 (C.D. Cal. 2008) ("Thus, to the extent petitioner bases [his claims] on alleged violations of

21 state laws, such as California Penal Code § 1932 and/or various California prison regulations, his

22 claims are not cognizable in this proceeding.")

23 /////

24

25     [5] The notice of charges provided to petitioner appears to have complied with California
   law which requires that an inmate have "[a]t least 24 hours to review the material and prepare for
26 the hearing."  Cal. Code Regs., tit. 15, § 3320(c)(2).

6

1    For the foregoing reasons, the state court's rejection of this claim was not contrary

2    to or an unreasonable application of federal law.  Accordingly, petitioner is not entitled to federal

3    habeas relief with respect to this aspect of his Due Process claim.

4         B.  Refusal to Call Witness

5         Petitioner next argues that the SHO refused to call the Reporting Employee to

6    testify at the disciplinary hearing.  (Pet. at 17.)  Petitioner asserts that if the Reporting Employee

7    had been called as a witness he would have testified that "the 115 was fraudulent," that he "never

8    ordered" petitioner to report to work," that the Reporting Employee was not present when

9    petitioner "was allegedly" ordered to report to work by the Reporting Employee, and "that the

10   signature on the 115 is a forgery."  (Id.)  The Solano County Superior Court also rejected this

11   claim, finding that petitioner had not shown that he was prejudiced "even if he was denied a

12   witness."  (Answer, Ex. 2 at 3.)

13        An inmate charged with a disciplinary offense also has a right to a hearing at

14   which he may "call witnesses and present documentary evidence in his defense when permitting

15   him to do so will not be unduly hazardous to institutional safety or correctional goals."  Wolff,

16   418 U.S. at 566.  See also Ponte v. Real, 471 U.S. 491, 495 (1985).  The right to call witnesses is

17   subject to the "mutual accommodation between institutional needs and objectives and the

18   provisions of the Constitution."  Baxter v. Palmigiano, 425 U.S. 308, 321 (1976) (citing Wolff,

19   418 U.S. at 556).  See also Serrano v. Francis, 345 F.3d 1071, 1077 (9th Cir. 2003); Bostic v.

20   Carlson, 884 F.2d 1267, 1271 (9th Cir. 1989).  "Prison officials must have the necessary

21   discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may

22   create a risk of reprisal or undermine authority, as well as to limit access to other inmates to

23   collect statements or to compile other documentary evidence."  Wolff, 418 U.S. at 566.  Prison

24   officials may, but are not required to, explain their reasons limiting an inmate's efforts to defend

25   himself.  Ponte, 471 U.S. at 497.  Should prison officials refuse to call a witness, they should

26   explain their reasons in disciplinary proceedings or later in court proceedings.  Id.; see also

7

1   <u>Bostic</u>, 884 F.2d at 1274 (the burden is on prison officials to provide justifications for the refusal

2   to allow witnesses).  So long as those reasons "are logically related to preventing undue hazards

3   to 'institutional safety or correctional goals,' the explanation should meet the due process

4   requirements as outlined in <u>Wolff</u>."  <u>Ponte</u>, 471 U.S. at 497.  However, as a general rule, inmates

5   "have no constitutional right to confront and cross-examine adverse witnesses" in prison

6   disciplinary hearings.  <u>Ponte</u>, 471 U.S. at 510 (Marshall, J., dissenting).  <u>See</u> <u>also</u> <u>Baxter v.

7   Palmigiano</u>, 425 U.S. 308, 322-233 (1976); <u>Wolff</u>, 418 U.S. at 566-68.

8          Here, according to the disciplinary hearing report the "SHO and [petitioner]

9   agreed to stipulate" to the testimony that the Reporting Employee would have provided had he

10   been called as a witness at the hearing.  (Pet. at 61.)  That stipulated testimony was noted in the

11   hearing report.  (<u>Id</u>.)  The record therefore establishes that petitioner and the SHO jointly agreed

12   on what the testimony of the Reporting Employee would have been.  Petitioner cannot now claim

13   that the Reporting Employee would have testified differently.[6]  Moreover, in light of the

14   stipulation entered into by petitioner, it cannot be said that under the decisions noted above any

15   limited right on the part of petitioner to call witnesses at the hearing was violated.

16          Accordingly, the state court's rejection of this claim was not contrary to or an

17   unreasonable application of federal law.  Petitioner is therefore not entitled to federal habeas

18   relief on this aspect of his Due Process claim.

19      C.  <u>Falsified/Forged Evidence</u>

20          Petitioner claims that the "SHO injected false statements into the 115 Hearing

21   Report."  (Pet. at 20.)  Petitioner argues that the statements in the Hearing Report that petitioner

22   "agreed to stipulate to the testimony" of the Reporting Employee and that petitioner

23   "acknowledged he was in good health" were false.  (<u>Id</u>.)  Moreover, petitioner asserts that the

24   prison administration forged the signature of the Reporting Employee on the Rules Violation

25

26          [6] Petitioner's claim that he did not stipulate to the testimony of the Reporting Employee at
    his disciplinary hearing is addressed below.

8

1   Report.  (Id.)

2          With respect to petitioner's assertion that he did not agree to stipulate to the

3   testimony of the Reporting Employee, even assuming arguendo that this assertion is true, it

4   would not entitle petitioner to federal habeas relief.  This is because prison inmates "have no

5   constitutional right to confront and cross-examine adverse witnesses" in prison disciplinary

6   hearings.  Ponte, 471 U.S. at 510 (Marshall, J., dissenting).  Moreover, petitioner has presented

7   no evidence to support this claim, aside from his bare assertion.

8          As to petitioner's claim that he was not in good health at the time of his hearing, it

9   is noteworthy that he does not claim that his health was such that it rendered the hearing

10   unlawful, but merely that he "has a documented history of medical problems."  (Pet. at 20.)  Even

11   if true, that fact would have no impact on the validity of petitioner's disciplinary hearing and

12   petitioner has cited no authority in support of his claim in this regard.

13          Finally, as to petitioner's claim that prison officials forged the Reporting

14   Employee's signature on the Rules Violation Report, petitioner has not offered any evidence or

15   even a specific statement of facts, to support this bald assertion.  Petitioner's claim in this regard

16   is conclusory and relief should be denied on that basis alone.  See Jones, 66 F.3d at 204

17   ("[c]onclusory allegations which are not supported by a statement of specific facts do not warrant

18   habeas relief") (quoting James, 24 F.3d at 26).

19          Accordingly, petitioner is not entitled to federal habeas relief on this aspect of his

20   Due Process claim.

21      D.  Insufficient Evidence

22          Petitioner next alleges that there was insufficient evidence introduced to support

23   his disciplinary conviction.  The entirety of petitioner's claim reads:

24          Throughout this presentation, the evidence will show and prove
             this ground to be 100% factual.  If this court so desires to see the
25          medical information (which is [voluminous]), it will be produced
             for your inspection.

26   /////

9

1
2
3

>What is used in this case by the administration and SHO is proven
>false, forged, and perjury.  The SHO has no documents nor
>evidence to support his contentions.  This entire pleading is the
>supporting facts to support this ground.

4  (Pet. at 22.)

5          The Solano County Superior Court rejected this claim, reasoning that:

6
7
8

>Sufficient evidence supports petitioner's guilt finding.  It is not the
>Court's place to weigh the credibility of individual statements in
>the disciplinary hearing report so long as some evidence supports
>the guilt finding.

9  (Answer, Ex. 2 at 3.)

10          The decision rendered on a prison disciplinary charge must be supported by "some

11  evidence" in the record.  Hill, 472 U.S. at 455.  A finding of guilt cannot be "without support" or

12  "arbitrary."  Id. at 457.  The "some evidence" standard is "minimally stringent," and a decision

13  must be upheld if there is any reliable evidence in the record that could support the conclusion

14  reached by the fact finder.  Powell v. Gomez, 33 F.3d 39, 40 (9th Cir. 1994) (citing Hill, 472

15  U.S. at 455-56 and Cato v. Rushen, 824 F.2d 703, 705 (9th Cir. 1987)).  See also Barnsworth v.

16  Gunderson, 179 F.3d 771, 773 (9th Cir. 1990); Zimmerlee v. Keeney, 831 F.2d 183, 186 (9th Cir.

17  1987).  Determining whether this standard is satisfied does not require examination of the entire

18  record, independent assessment of the credibility of witnesses, or the weighing of evidence.

19  Toussaint v. McCarthy, 801 F.2d 1080, 1105 (9th Cir. 1986).  Indeed, in examining the record, a

20  court is not to make its own assessment of the credibility of witnesses or re-weigh the evidence.

21  Hill, 472 U.S. at 455.  The question is whether there is any reliable evidence in the record that

22  could support the decision reached.  Powell, 33 F.3d at 40; Toussaint, 801 F.2d at 1105.

23          Here, petitioner was convicted of violating  CCR, Title 15, § 3041(b), which

24  states that an inmate must report to his place of assigned work if so instructed.  According to the

25  Rules Violation Report issued on January 8, 2008, petitioner was instructed to report to his place

26  of assigned work and refused to do so.  (Pet. at 60.)

1        The Rules Violation Report constitutes reliable evidence appearing in the record

2  that could support the conclusion reached by the fact finder.  Accordingly, the state court's

3  rejection of this claim was not contrary to nor an unreasonable application of federal law.

4  Petitioner is therefore not entitled to federal habeas relief with respect to this aspect of his Due

5  Process claim.

6       E.  <u>Destruction of Evidence</u>

7        Petitioner's final claim is that the SHO "removed exhibits . . . after the 115

8  hearing." (Pet. at 22.)  Petitioner alleges that those removed exhibits consisted of his own

9  statement of arguments against the alleged rules violation, a memorandum of points and

10  authorities and his affidavit submitted in support of his arguments.  (<u>Id.</u> at 73-76.)

11        The Solano County Superior Court rejected this claim, stating:

12        Lastly, petitioner has not shown that any evidence was destroyed.
The CDC may not have maintained his written argument in

13        opposition to his guilty finding, but petitioner has not shown that
failure to maintain such is a violation of regulations or due process.

14

15  (Answer, Ex. 2 at 3.)

16        As noted above, an inmate charged with a prison disciplinary offense has a right

17  to a hearing at which he may "present documentary evidence in his defense when permitting him

18  to do so will not be unduly hazardous to institutional safety or correctional goals."  <u>Wolff</u>, 418

19  U.S. at 566.  Petitioner does allege that he was not allowed to present the exhibits in question at

20  his disciplinary hearing.  Rather, he merely complains that the exhibits did not remain a part of

21  the record after the hearing.  The courts notes that the exhibits in question were obviously not

22  destroyed since copies remained in petitioner's possession.  Thus, petitioner has failed to state a

23  cognizable claim for federal habeas relief with respect to this claim.

24                              CONCLUSION

25        Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for

26  a writ of habeas corpus (Doc. No. 1) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven days after service of the objections.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).  In any objections he elects to file petitioner may address whether a certificate of appealability should issue in the event he elects to file an appeal from the judgment in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: November 10, 2010.

Dale A. Drozd

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD6
nelson2075.hc

12